**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000218
26-JUN-2013
09:37 AM**

NO. CAAP-13-0000218

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAMONA HUSSEY, M. KA'IMILA NICHOLSON,
NATALIA ANTONIA HUSSEY-BURDICK, BRENT S. DUPUIS,
MARVIN D. HESKETT, and JOEL L. MERCHANT,
Petitioners-Appellants,
v.
CALVIN K.Y. SAY, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 12-1-0736)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack jurisdiction over the appeal by Petitioners-Appellants Ramona Hussey, M. Kaimila Nicholson, Natalia Antonia Hussey-Burdick, Brent Dupuis, Marvin D. Heskett, and Joel L. Merchant (Appellants).

The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011).

The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2011). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339.

Appellants appeal from an Order Granting Respondent Calvin K.Y. Say's Motion to Dismiss Petition for Writ of Quo Warranto, filed on March 11, 2013[1]. The record on appeal does not contain a separate final judgment, as required by Jenkins. Therefore,

---

[1] The Honorable Karen T. Nakasone presided.

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,   June 26, 2013.

Chief Judge

Associate Judge

Associate Judge